UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM VELASQUEZ and ROSA LOPEZ                                                       PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:24-CV-224-DPJ-ASH

MIGUEL MARTINEZ et al.                                                                 DEFENDANTS

ORDER

After a traffic accident, Plaintiffs William Velasquez and Rosa Lopez sued five Defendants—three drivers and two companies that employed two of those drivers. One company, B&A Transportation, LLC, moves for partial judgment on the pleadings. The Court will grant its motion [8] while allowing Plaintiffs to seek leave to amend.

I.      Facts and Procedural History

Taking their allegations as true for purposes of the motion, Plaintiffs were traveling on Interstate 20 in Brandon, Mississippi, when they were injured in a collision involving two 18-wheelers and another passenger vehicle. Compl. [1-1] ¶¶ 11, 13, 15, 17, 21, 25. Plaintiffs describe a chain-reaction accident on an icy road. *Id.* ¶ 19. And they suggest that it started when Defendant Jamie Moore—the driver of the other passenger vehicle—"was outside the normal line of travel, impeded on a lane, and/or lost control of the vehicle causing an obstruction to the flow of traffic." *Id.* ¶ 20.

About three months after the accident, on April 19, 2024, Plaintiffs filed a state-court action against the other drivers and the employers of the two defendants driving the 18-wheelers. *Id.* One of those employers, B&A, removed the case three days later. Notice [1]. Plaintiffs did not seek remand, and the deadline has passed. The other employer, East-West Express, Inc., later appeared and joined in the removal along with its driver Miguel Martinez. Joinder [12].

The docket does not show a return of service on any Defendant, although B&A says it waives service of process. Notice [1] ¶ 21. So do East-West and Martinez. Joinder [12] ¶ 7. Anderson later filed his Answer [29].

B&A has moved for judgment on the pleadings as to some of Plaintiffs' claims. Mot. [8]. It concedes vicarious liability for its driver's fault—if any—but contends that Plaintiffs' direct claims against it for (1) general negligence; (2) negligent hiring, supervision, and entrustment; and (3) negligent inspection and maintenance of its 18-wheeler should be dismissed, along with claims that it is liable for (4) gross negligence and thus subject to punitive damages. *Id*. ¶¶ 2–4; Def.'s Mem. [9] at 9.

Because the Court questioned whether subject-matter jurisdiction was evident from the Complaint, it invited the parties to brief that issue before addressing the pending motion. Order [98]. Only B&A opted to do so, providing Plaintiffs' responses to requests for admissions that the amount in controversy exceeded $75,000 at time of removal. Supp. Br. [104]. The Court is satisfied that jurisdiction exists.[1]

II.     Standard

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When deciding a Rule 12(b)(6) motion to dismiss, the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But the Court will not "accept as true

---

[1] *See Tornabene v. Cox*, No. CV 20-400, 2020 WL 1429858, at *3 (E.D. La. Mar. 24, 2020).

conclusory allegations, unwarranted factual inferences, or legal conclusions." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)). "Conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *Black's Law Dict.* (11th ed. 2019), *quoted in Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## III. Discussion

### A. Conceded Claims

Plaintiffs agree that because B&A accepts its vicarious liability for any fault proved against its driver, their direct claims against it for simple negligence and for negligent hiring, supervision, and entrustment are duplicative and therefore "unnecessary." Pls.' Mem. [15] at 4. The Court will dismiss those claims.

### B. Disputed Claims

Plaintiffs say they have pleaded B&A's own negligence and gross negligence in the inspection and maintenance of its 18-wheeler. *Id.* They alternatively assert that dismissal is improper "at this early stage of litigation." *Id.* at 6.

To begin, Plaintiffs have not pleaded a claim against B&A for negligence or gross negligence based on the inspection or maintenance of its vehicle. The only facts alleged in the Complaint are those found in paragraphs 11 through 25 describing a chain-reaction collision on an icy road. Compl. [1-1] ¶¶11–25. None of those paragraphs mentions inspections, maintenance, or anything about the 18-wheeler's condition that contributed to cause the accident. Nor have Plaintiffs pleaded necessary facts elsewhere in their Complaint. At most, their causes of action list supporting conclusions, like claiming that all "Defendants" failed to "perform adequate pre-trip inspections" or "routine maintenance." *Id.* ¶ 38. As noted, conclusory assertions are not enough to avoid dismissal under Rule 12(c). *Twombly*, 550 U.S. at 556.

Plaintiffs seem to acknowledge these deficiencies and alternatively argue that the case "should not be dismissed at this early stage of litigation." Pls.' Mem. [15] at 6. They say the claims should instead remain in the case "until . . . it has become undisputed in discovery that the sole proximate cause for the accident was Defendant B&A's employee-driver." *Id.* at 6–7.

But discovery is a tool for proving claims, not identifying them. The federal pleading standards are "generous" but do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Thus, when a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery." *Id.* at 686; *accord Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (holding that plaintiffs are "not entitled to discovery without a properly pleaded complaint") (citing *Twombly*, 550 U.S. at 559).[2]

---

[2] There may be limited exceptions to this rule, but the exceptions have not been established.

4

B&A's motion is therefore granted. All claims against it are dismissed except for vicarious liability for its driver's alleged negligence.[3] The Court will, however, allow Plaintiffs 21 days to seek leave to file an amended complaint restating their claims. For this reason, the Court denies without prejudice Plaintiffs' pending motion to amend [18] so they can address the issues examined in this Order and add any new facts they may now know.

IV.  Conclusion

The Court has considered all arguments presented. Any not specifically addressed would not change the result. The Court grants the motion [8] for partial judgment on the pleadings and dismisses Plaintiffs' direct claims of negligence and gross negligence against Defendant B&A, which remains in the case to defend against claims of its vicarious liability for its driver's alleged negligence. The motion for leave to amend [18] is denied without prejudice, and Plaintiffs have 21 days to move for leave to amend as stated above.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2025.

<div style="text-align:right">
s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
</div>

---

[3] B&A argues that the Complaint states "simple negligence *at most*" against its driver Anderson. Def.'s Mem. [9] at 18. But Anderson did not join the motion, and B&A has not explained how it would have standing to seek dismissal of any claims against him.